IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRED STEWART AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
MIKE MEYER A/K/A MIKE DISFARMER                                PLAINTIFF

V.                                      4:24CV00905 JM

ARKANSAS MUSEUM OF FINE ARTS
FOUNDATION                                                     DEFENDANT

## ORDER

Mike Meyer Disfarmer ("Disfarmer") was a photographer in Heber Springs, Arkansas. Disfarmer was virtually unknown during his lifetime but, after his death, his photographs became critically acclaimed for accurately depicting mid-western life in America. Disfarmer died intestate on September 28, 1959. At the time of his death, he owned thousands of black and white photographs that he created (the "Photographs") and the negatives of the Photographs which were permanently captured on negative and positive glass plates (the "Negatives") (collectively the "Disfarmer Works"). According to the Amended Complaint (the "Complaint"), Disfarmer never sold any of the Negatives. (Comp., Dkt. No. 17 at ¶3).

A probate proceeding was filed by Disfarmer's brother in Cleburne County, Arkansas, for Disfarmer on October 6, 1959, seeking appointment of U.S. Hensley as Administrator. (Ex. 2 to Comp., Dkt. No. 17-1 at p. 4-7). Letters of Administration appointing Hensley were issued on the same day authorizing Hensley to take possession of Disfarmer's property. (Ex. 3 to Comp., Dkt. No. 17-1 at p. 8-10). Hensley filed a Petition with the Court on March 31, 1960, reciting the assets of the Estate which were cash and their sources. (Ex. 4 to Comp., Dkt. No. 17-1 at p. 11-

14). It also listed the claims against the Estate. There was no mention of photographs, negatives or glass plates or any personal property which Hensley had sold.

U.S. Hensley died on September 22, 1960 and his son, B.W. Hensley, was appointed successor administrator. An accounting was filed on September 20, 1961 and an Order approving the accounting was entered on December 19, 1961, closing the Estate. (Ex. 5 to Comp., Dkt. No. 17-1 at p. 16-20).

According to the affidavit of Peter Miller ("Miller") which is attached as Exhibit 6 to the Complaint, Miller purchased the Negatives from Joe Albright. (Comp., Dkt. No. 17 at ¶12; Ex. 6 to Comp., Dkt. No. 17-1 at p. 21-24). Miller states that Albright claimed to have purchased the Negatives from U.S. Hensley in December of 1959 for five (5) dollars. (Ex. 6 to Comp., Dkt. No. 17-1 at p. 21-24). Miller states that he transferred possession of the Negatives to The Group, Inc. in 1976 and The Group transferred possession and ownership to the Defendant Arkansas Museum of Fine Arts Foundation by gift in 1977. *Id.* The Complaint, however, states that Hensley "never sold, transferred or assigned any of the Photographs or the Negatives to Albright or to any other person or entity through any form of conveyance. . .." (Comp., Dkt. No. 17 at ¶13).

On January 29, 2021, Plaintiff Fred Stewart filed a Petition to Reopen the Estate and appoint a special administrator (the "Petition to Reopen the Estate") in Cleburne County Circuit Court. (Ex. 7 to Comp., Dkt. No. 17-1 at p. 25-28). An Order granting the Petition to Reopen the Estate was entered of record on May 24, 2022. *Id.* On May 14, 2024, an application to register each of the Disfarmer Photographs listed in Exhibit 8 to the Amended Complaint as unpublished works was filed with the U.S. Copyright Office. (Ex. 1 to Comp., Dkt. No. 17-1 at p. 1-3). The Copyright Office refused to issue a registration. Plaintiff filed this suit against the Foundation for

2

declaratory judgment. Copyright infringement under the Copyright Act, vicarious copyright infringement under the Act, contributory infringement under the Act, violation of the Digital Millennium Copyright Act ("DMCA"), deceptive trade practices under the Arkansas Uniform Deceptive Trade Practices Act ("ADTPA"), unjust enrichment and conversion under Arkansas law.

Pending before the Court is the Foundation's motion to dismiss the Complaint based upon the statute of limitations and preemption. Plaintiff has responded. The motion is ripe for consideration.

I.      Standard for Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

II.     Analysis

A.  Statute of Limitations for Copyright Claims

The Foundation claims that Counts I-V should be dismissed because they are barred by the statute of limitations. The statute of limitations for copyright ownership is three years from the date that the claim for ownership accrues. *See* 17 U.S.C. § 507(b). The Foundation contends that the Estate's claim accrued when a "reasonably diligent plaintiff would have been put on inquiry as to the existence of a right," and in this case, the Estate was on notice of its claim of ownership as of January 28, 2021 at the latest. On January 28, 2021, the Petition to Reopen the Estate was filed which recited the Estate's alleged copyright claim to the Negatives.[1]

The Foundation's recitation of the law is correct. "A copyright claim must be commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "An ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right. . .." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011). "Where ownership is

---

[1] The Foundation asks the Court to take judicial notice of the Petition to Reopen the Estate filed in Cleburn County, Arkansas Probate Division on January 28, 2021 and the Brief in Support of the Arkansas Museum of Fine Arts Foundation's Objection to the Petition to Reopen the Estate of Mike Meyers a/k/a Mike Disfarmer (the "Objection") filed on July 14, 2021. (Exs. 1-2 to the Foundation's Motion to Dismiss, Dkt. No. 22-1 and 22-2). A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Here, the Court can consider the Petition to Reopen the Estate and Objection because they are exhibits to the Complaint and public records in the underlying state court decision.

the basis of the copyright dispute, this 'accrual-upon-express-repudiation' rule prohibits infringement actions when the freestanding ownership action would be time-barred." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1300 (10th Cir. 2014) (citing *Kwan*, 634 F.3d at 228). "Copyright claims premised on disputes about ownership accrue 'when plain and express repudiation of co-ownership is communicated to the claimant, and are barred three years from the time of repudiation.'" *Consumer Health Info. Corp. v. Amylin Pharms., Inc.*, 819 F.3d 992, 996 (7th Cir. 2016) (quoting *Seven Arts Filmed Enter., Ltd. V. Content Media Corp. PLC,* 733 F.3d 1251, 1254 (9th Cir. 2013)); see also *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020) ("[A]n ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights. . .."); *Santa-Rosa v. Combo Records*, 471 F.3d 224, 228 (1st Cir. 2006) ("[A] claim for declaratory judgment of ownership accrues when the plaintiff 'knew of the alleged grounds for the ownership claim.'"), *cert. denied*, 550 U.S. 926 (2007); *Ritchie v. Williams*, 395 F.3d 283, 288, n.5 (6th Cir. 2005) ("[T]he statutory period for any action to establish ownership begins to run whenever there is a "plain and express repudiation" of ownership by one party as against the other.); *Clancy v. Jack Ryan Enters., Ltd.*, 2021 WL 488683, at *19 (D. Md. Feb. 10, 2021) ("A claim to ownership, as in this case, 'accrues only once, and if an action is not brought within three years of accrual, it is forever barred.'").

      Plaintiff cites to other Second Circuit cases for the argument that the Copyright Act's statute of limitations is a three-year look-back limitations period for *all* civil claims arising under the Copyright Act: *Stone v. Williams*, 970 F.2d 1043 (2d Cir. 1992) and *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123 (2d Cir. 2014). In *Stone*, the question was whether the plaintiff was a child of the deceased copyright owner and whether her delay in asserting her rights barred her from bringing any infringement action. The Second Circuit found that Stone was an heir and was

entitled to a portion of the copyright royalties but only for the preceding three years. This ruling, that the statute of limitations did not bar the suit to establish ownership but barred recovery for damages occurring more than three years prior to suit, has been rejected by many circuits. *See Zuill v. Shanahan,* and the cases listed above. The *Psyhoyos* case did not involve an ownership claim but rather whether the discovery rule or injury rule governed the accrual of an infringement claim.

  The Estate further argues that that Joe Albright did not obtain lawful possession of the Negatives from U.S. Hensley and thus there is no basis for the Foundation to argue that it has ownership in the Photographs embodied in the Negatives. Accepting Plaintiffs' allegations as true as required at this stage of the litigation, the Court cannot say that Plaintiff has failed to plead a plausible claim of ownership for declaratory judgment.

  As for the copyright *infringement* claims, the statute of limitations is "a three-year look-back period." *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 572 U.S. 663, 670 (2014). "Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind." *Id*. at 672.

  Because the Complaint does not contain the dates of the alleged infringing acts, the Court cannot say as a matter of law that Plaintiff will be unable to establish plausible infringement claims. The Foundation's motion to dismiss the declaratory judgment action in Count I and the infringement claims contained in Counts II, III, and IV is denied.

B. Digital Millennium Copyright Act

The Plaintiff's claim under the Digital Millennium Copyright Act ("DMCA") is dependent on the Plaintiff's ownership of the copyrights. Since the Court is unable to determine whether the statute of limitations bars Plaintiff's ownership claim, it is also unable to determine the Plaintiff's entitlement to damages resulting from the Foundation's alleged violations of the DMCA. The Foundation's motion to dismiss Court V is denied.

C. Preemption of the State Law Claims

"The Copyright Act provides the exclusive source of protection for 'all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by ... [§ ] 106' of the Copyright Act." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005) (quoting 17 U.S.C. § 301(a)). "The Copyright Act preempts state laws that attempt to protect rights exclusively protected by federal law." *Id.* (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Intern., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993)). "A state cause of action is preempted if: (1) the work at issue is within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106." *Nat'l Car Rental Sys.,* 991 F.2d at 428. If an extra element is "required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie 'within the general scope of copyright' and there is no preemption." *Id.* at 431. (quoting 1 *Nimmer on Copyright* § 1.01[B], at 1–14–15 (footnotes omitted)).

1. Arkansas Uniform Deceptive Trade Practices Act

In Count VI, Plaintiff alleges that the Foundation "falsely and deceptively represented to consumers that they are associated with the Estate…. [H]olding themselves out as being associated with the Estate is directed to the market generally, and otherwise constitutes a consumer protection matter. . .. Defendant's unauthorized use of the Disfarmer Works is causing and is likely to cause substantial injury to the public and to the Estate. . .." (Comp. Dkt No. 17 at ¶¶ 90-92). To the extent that Plaintiff is alleging the Foundation's deceptive trade practice is holding itself out as associated with the Estate, the Court cannot say that the AUDTPA claim is preempted by the Copyright Act. *See Estate of Darger v. Lerner*, 665 F.Supp.3d 931 (N.D. Ill. 2023).

2. Unjust Enrichment

"Although the Eighth Circuit has not expressly yet ruled on whether the Copyright Acts preempts unjust enrichment claims, district courts in our circuit that have addressed the issue have concluded that state-law unjust-enrichment claims are preempted by the Copyright Act where unjust enrichment claims are based upon the violation of rights protected by the Copyright Act, [and] they 'sound [ ] squarely in copyright infringement' " *Control Tech. & Sols., LLC v. Omni Energy Partners, LLC*, 2021 WL 6049812, at *7 (E.D. Mo. Dec. 21, 2021) (quoting *Issaenko v. Univ. of Minn.*, 57 F. Supp. 3d 985, 1025 (D. Minn. 2014) (collecting cases)).

In Count VII of the Complaint, Plaintiff alleges the following:

> The Estate's ownership of the rights to distribute and the rights to license the use of the copyrights in and to the Disfarmer Works are valuable assets to the Estate. By reproducing, distributing, and selling the Disfarmer Works, and *tangible personal property* without the Estate's permission or authorization, and profiting off the Disfarmer Works without paying compensation to the Estate, Defendant has misappropriated a valuable asset belonging to the Estate.

(Comp., Dkt. No. 17 at ¶¶ 95-96) (emphasis added). The Complaint further alleges that "[a]t the time of his death, Disfarmer retained ownership of thousands of black and white photographs that he created (the "Photographs"). Disfarmer permanently captured each of the photographs he created (including the Photographs) on both negative and positive glass plates (the "Negatives")." *Id.* at ¶ 3. However, there is no factual allegation that the Foundation profited from the tangible Negatives or Photographs as opposed to a reproduction or licensing of the Photograph contained on the Negative. The only allegation is that the Defendant unjustly enriched itself by reproducing and/or licensing the Photographs or Negatives. Those claims sound squarely within the rights protected by the Copyright Act, and Plaintiff's claim is preempted by the Copyright Act.

      3. Conversion

As the Foundation notes, a claim based on the conversion of tangible property is generally not preempted. The Complaint states that the Foundation took the "Disfarmer Works (the Photographs and Negatives), and tangible personal property containing the Disfarmer Works, without the Estate's authorization" and by doing so, "unlawfully exercised control, dominion, and ownership over the Estate's property." (Comp., Dkt No. 17 at ¶¶ 100-101). Plaintiff's claim for conversion is not preempted to the extent it alleges that the Foundation exercises dominion or control of the tangible personal property listed in the Complaint. *See Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984*)* ("Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted.); *Two Palms Software, Inc. v. Worldwide Freight Mgmt, LLC,* 780 F.supp.2d 916 (E. D. Mo. 2011) (finding no preemption because plaintiffs were not seeking the return of tangible property).

9

D.  State Law Claims and the Statute of Limitations

The statute of limitations for an ADTPA claims is five years and three years for an unjust enrichment and conversion claim. Ark. Code Ann. § 4-88-115. "[T]he statute of limitations begins to run upon the occurrence of the wrong." *Bank of America, N. A. v. JB Hanna, LLC,* 766 F.3d 841, 855 (8th Cir. 2014). As the Foundation asserts, "Arkansas has repeatedly and consistently rejected any continuing-tort theory outside the context of continuing medical treatment surrounding medical malpractice claims." *Graham v. Catamaran Health Sols. LLC*, 940 F.3d 401, 409 (8th Cir. 2017) (citing *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C*, 225 225 S.W.3d 369, 372 (Ark. 2006) ("As we have repeatedly stated, this court does not recognize a 'continuing tort' theory.")). The Arkansas Supreme Court has explained that "a continuing-tort theory is inconsistent with the General Assembly's intent in stating that limitations begin to run at 'the date of the wrongful act complained of and no other time.'" *Chalmers v. Toyota Motor Sales, USA, Inc*., 326 Ark. 895, 935 S.W.2d 258, 264 (1996) (quoting *Tullock v. Eck*, 845 S.W.2d 517 (Ark. 1993)).

Based upon the facts stated in the Complaint, the Court is unable to say when a cause of action for unjust enrichment or violation of the ADTPA allegedly occurred. However, it is clear that the Foundation took possession of the Disfarmer Works in 1977. The Complaint was filed on October 21, 2024, well after the statute of limitations for conversion had run. There is no allegation of fraudulent concealment stated in the Complaint. The Court finds that the Estate's claim for conversion is barred by the statute of limitations. Therefore, Count VIII is dismissed. The Foundation's motion to dismiss Counts VI and VII is denied.

III. Conclusion

The Foundation's motion to dismiss (Dkt. No. 21) is GRANTED as to the conversion and unjust enrichment claims and DENIED as to all other claims.

IT IS SO ORDERED this 16th day of October, 2025.

_____
James M. Moody Jr
United States District Judge